UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY POTTS,

        Movant,

                                                          File No. 1:05-CV-456

v.

                                                          HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

        Respondent.

_____/

**MEMORANDUM OPINION AND ORDER
SUMMARILY DISMISSING § 2255 MOTION**

This matter comes before the Court on Movant Anthony Potts' response to the Court's August 1, 2005, order to show cause why his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 should not be summarily dismissed as time-barred.

The Court issued the order to show cause in order to provide Movant notice and an opportunity to be heard on the issue of equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (limitations period of § 2255 is subject to equitable tolling); *Scott v. Collins*, 286 F.3d 923, 930 (6th Cir. 2002) (suggesting that habeas petitioner be given notice and an opportunity to be heard before petition is dismissed on statute of limitations grounds).

The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *See Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2002); *Cook v. Stegall*, 295

F.3d 517, 521 (6th Cir. 2002); *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001).  The burden is on the § 2255 movant to show that he is entitled to equitable tolling.  *Griffin*, 308 F.3d at 653.  In deciding whether equitable tolling applies, the court weighs the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008 (citing *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988)).  These five factors are not necessarily comprehensive and are not relevant in all cases.  *Cook*, 295 F.3d at 521.

Movant's request for equitable tolling is based upon the following contentions.  First, he contends that because his § 2255 motion is grounded on his claim of ineffective assistance of counsel, dismissal of his § 2255 motion as time-barred would not be a fair or evenhanded resolution of this case.  Second, Movant contends that because of his pro se status the rules of lenity take precedence and an evidentiary hearing is necessary to determine the scope of his ineffective assistance of counsel claim.  Third, Movant contends that he was coerced by counsel into dismissing his appeal.  Fourth, Movant contends that counsel's ineffective assistance is demonstrated by her failure to file an *Anders*' brief on appeal.  Fifth, Movant contends that he was disadvantaged by not being given a copy of his waiver of appeal.

Movant's response to the show cause order is an argument regarding the merits of his § 2255 motion rather than an explanation for his delay in filing the § 2255 motion. Movant has not met his burden of demonstrating that he is entitled to equitable tolling. Accordingly, because Movant's § 2255 motion was not filed within the limitations period and because Movant has not demonstrated that equitable tolling of the limitations period is warranted,

**IT IS HEREBY ORDERED** that Movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence is **SUMMARILY DISMISSED** as time-barred.

Date:    October 6, 2005              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE